# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LOS CABOS 1, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYSTAL ROSS, <br><br> Defendants. | Case No. 2:16-cv-00817-GMN-GWF <br><br> **ORDER AND REPORT AND RECOMMENDATION** <br><br> Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |

This matter comes before the Court on Defendant's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on April 11, 2016.

## BACKGROUND

In addition to her application to proceed *in forma pauperis*, Defendant filed a Notice of Removal (ECF No. 1-1) on April 11, 2016. Defendant's removal notice alleges that removal of a North Las Vegas Justice Court Township case relating to Defendant's eviction from real property is proper because the case presents a federal question pursuant to 28 U.S.C. § 1441. Specifically, Defendant states that the state court complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968. Defendant is disabled and dealt with in a manner different than others." *Notice of Removal* (ECF No. 1-1), ¶ 6. In addition, Defendant asserts that she is being "denied his [sic] due process right and equal protection under the 14th Amendment to protect his [sic] tenancy." ¶ 16. Finally, Defendant asserts that this removal is timely pursuant to 28 U.S.C. § 1446(b).

## DISCUSSION

**A.    Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

**B.     Defendant Failed to Include the Underlying Complaint**

Title 28 U.S.C. Section 1446(a) provides that a copy of all pleadings served on the removing defendant in the state court action must be filed along the notice of removal. Defendant's notice of removal fails to include the underlying complaint filed by Los Cabos 1 in North Las Vegas Justice Court Township case number 16EN1027. Therefore, Defendant fails to comply with Section 1446(a). Defendant's failure to provide the required pleadings prevents the Court from determining what, if any, federal law is at issue in this action. In addition, because Defendant failed to provide a copy of the underlying complaint, the Court cannot confirm Defendant's assertion that this case was timely removed.

**C.     The Court Lacks Subject Matter Jurisdiction**

Title 28 U.S.C. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Defendant's notice of removal did not contain a copy of the complaint at issue, the Court cannot review the complaint and is unable to identify any federal law at issue.

However, from what the Court can gather from Defendant's notice of removal, it appears that

Plaintiff's underlying complaint is a claim for eviction against Defendant. *See* ECF No. 1-1. In response, Defendant asserts that her due process and equal protection rights under the 14th Amendment were being violated as a result of Plaintiff's claim. Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009). In addition, Plaintiff's claim for eviction is a matter of landlord-tenant law, which arises under state law. *Powers v. United States Postal Service,* 671 F.2d 1041, 1045 (7th Cir.1982). Because landlord-tenant disputes are matters of state law they cannot form the basis for federal question jurisdiction. *Round Valley Indian Hous. Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995); *Evans v. Sentry Property Management Corp.*, 852 F. Supp. 71 (D. Mass. 1994) ("A tenant's claims arising out of a landlord-tenant relationship were state law claims not subject to removal under federal question jurisdiction, even if the housing authority received federal funding."); *See also In re Silvies River*, 199 F. 495 (D. Or. 1912). Therefore, Defendant has not provided a jurisdictional basis for removal because an action for eviction facially fails to raise a federal question.

### D. Defendant's Application to Proceed *In Forma Pauperis*

Defendant filed an application to proceed without the prepayment of fees. (ECF No.1). However, in light of the Court's finding that it lacks subject matter jurisdiction, Defendant's application to proceed *in forma pauperis* is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Application to Proceed *In Forma Pauperis* is **denied as moot**.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's request for removal be **denied**.

**IT IS FURTHER RECOMMENDED** that this action be **remanded** to North Las Vegas Justice Court.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge